IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1007-JAR-GEB |
| | ) |
| LAURA HOWARD, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Christopher Howard's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3, *sealed*). For the reasons outlined below, Plaintiff's Motion **(ECF No. 3,** *sealed***)** is **GRANTED.**

Under 28 U.S.C. §1915(a), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."[1] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right-fundamental or otherwise.'"[2] However, there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); and *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

to pay."[3] To determine whether a party is eligible to file without prepayment of the fee, the court reviews a party's financial affidavit and compares his monthly expenses with the monthly income disclosed therein.[4] After careful review of Plaintiff's financial affidavit and comparing Plaintiff's listed monthly income and expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff Christopher Howard's Motion for Leave to Proceed *In Forma Pauperis* (**ECF No. 3,** *sealed*) is **GRANTED**. Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending Plaintiff's response to the Order to Show Cause filed simultaneously here and the Court's review of the response and screening pursuant to 28 U.S.C. § 1915(e)(2).[5]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of February 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[3] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).

[4] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[5] See *Webb. v. Vratil,* No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).