IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1007-JAR-GEB |
| | ) |
| LAURA HOWARD, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**
**AND ORDER**

This matter is before the Court on its Notice and Order to Show Cause (**ECF No.** 6) and Plaintiff Christopher Young's Motion for Appointment of Counsel ("Motion") (**ECF No. 4**). For the reasons outlined below, the Court recommends Plaintiff's case be dismissed and orders Plaintiff's Motion be **DENIED**.

**I. Background**

Plaintiff brings this action against Defendants Laura Howard, Secretary – Kansas Department of Aging and Disability Services; Haliegh Bennett, Program Manager/Chief Operations Officer – Larned State Hospital ("LSH"); Lisea Dipman, Superintendent – LSH; Gabriel Rop, SPTP Program Director – LSH; Jeff Brown, Chaplin – LSH; Tonya Taylor, Ex Program Director – LSH; and Linda Kidd, Program Leader – LSH. Plaintiff alleges violations of his constitutional rights, federal statutory rights, and Kansas Law related to his commitment to the Sexual Predator Treatment Program at LSH.[1] Plaintiff

---

[1] ECF No. 1.

alleges the deprivation of rights, privileges, or immunities secured by the Constitution and federal law pursuant to 42 U.S.C § 1983. Specifically, he alleges he has been deprived of his rights under the First Amendment freedom of religion, Fourteenth Amendment due process, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and Religious Freedom Restoration Act ("RFRA").

Plaintiff filed a Motion for Leave to Proceed in forma pauperis,[2] which was granted.[3] However, the clerk was directed to stay service of process pending Plaintiff's response to an Order to Show Cause entered on February 10, 2023 because Plaintiff's Complaint failed to allege facts upon which the Court could make a determination of whether it can pass screening pursuant to 28 U.S.C. 1915(e)(2). Plaintiff was afforded 14 days to show good cause why the Court should not recommend the case be dismissed.[4] And Plaintiff was given the opportunity to file a complete and proper amended complaint which cured all deficiencies discussed by the same date.[5]

Plaintiff filed a timely response to the Order to Show Cause.[6] Instead of filing an amended complaint, however, Plaintiff filed a Motion to File Adendum (sic) to 1983 Complaint Supplementing Plaintiff's Show Cause Motion,[7] which was denied.[8] In the Order denying the motion, the Court extended Plaintiff's deadline to file a complete and

---

[2] ECF No. 3.
[3] ECF No. 5.
[4] ECF No. 6.
[5] *Id.*
[6] ECF No. 7.
[7] ECF No. 8.
[8] ECF No. 9.

proper amended complaint up to and including March 16, 2023. Plaintiff has made no further filings, and as of the date of this Report and Recommendation, no amended complaint has been filed.

## II.   Recommendation of Dismissal of Complaint

When reviewing an *in forma pauperis* motion under 28 U.S.C. § 1915, the court must dismiss the case if it determines the action: 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[9] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[10]

Fed. R. Civ. P. 8(a)(2) requires a complaint provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[11]

Because Plaintiff proceeds pro se, his pleadings must be construed liberally.[12] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[13] The Court cannot "take on the responsibility of serving as [his]

---

[9] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[10] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).
[11] *Kay v. Bemis,* 500 F.3d 1214, 1218 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544).
[12] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[13] *Id*.

attorney in constructing arguments and searching the record."[14] Fed. R. Civ. P. 8 "demands more than naked assertions."[15]

The Court must ascertain whether Plaintiff's claims provide the Defendants with sufficient notice of his claims such that the Defendants could prepare an appropriate answer.[16] Under Rule 8(a), a complaint must contain three minimal pieces of information: (1) the pleading should contain a short and plain statement of the claim showing that Plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the Court's jurisdiction; and (3) a statement of the relief requested. If any of these requirements is absent, even after affording liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[17] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[18]

In his Complaint, Plaintiff generally alleges he has been civilly committed to the Sexual Predator Treatment Program at LSH where from February 2020 to the present the Defendants have deprived him of his rights in violation 42 U.S.C § 1983 by violation of his First Amendment right to freedom of religion by denying his access to weekly pipe and

---

[14] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[15] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[16] *See Snider v. Burton*, No. 15-1043-JTM, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).
[17] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[18] *Id*. (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

drum ceremonies, monthly sweat lodge ceremonies, and certain holiday meals. He also alleges violation of 42 U.S.C § 1983 by violation of his Fourteenth Amendment due process, RLUIPA, and RFRA. He alleges these actions have prevented him from being able to regularly and consistently pray, cleanse, and worship.

In its Order and Notice to Show Cause[19] the Court set out deficiencies in Plaintiff's Complaint. The deficiencies consist of failure to include an essential element of a civil rights claim against a person, the individual person's direct personal participation in the acts or inactions upon which the complaint is based.[20] Conclusory allegations of involvement are not sufficient.[21] Mere supervisory status is insufficient to create personal liability.[22] An official's liability may not be predicated solely upon a theory of respondeat superior.[23] A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the

---

[19] ECF No. 6.
[20] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("§ 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added)).
[21] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").
[22] *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).
[23] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).

state of mind required to establish the alleged constitutional deprivation."[24] "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision."[25]

Two different deadlines were set for Plaintiff to amend his complaint to name each Defendant and set forth a description of the acts taken by each which he alleges violated his federal constitutional rights. Plaintiff failed to do so. His operative Complaint[26] fails to identify each Defendant's "direct personal participation" in any alleged constitutional violation. For those Defendants who are supervisors of others, including but not limited to Defendants Laura Howard, Secretary – Kansas Department of Aging and Disability Services; Haliegh Bennett - Program Manager/Chief Operations Officer LSH; Lisea Dipman - Superintendent LSH; Gabriel Rop - SPTP Program Director LSH, Tonya Taylor - Ex Program Director LSH, and Linda Kidd - Program Leader LSH Plaintiff's operative Complaint fails to allege each "promulgated, created implemented or possessed responsibility for the continued operation of a policy" that "caused the complained of constitutional harm," here the violation of his First Amendment right to freedom of religion, and "acted with the state of mind required to establish the alleged constitutional deprivation.

---

[24] *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).
[25] *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).
[26] ECF No. 1.

Plaintiff has failed to respond to the two deadlines set for him to file a complete and proper amended complaint. Upon review of his operative Complaint, the undersigned finds it, on its face, does not state a plausible claim or comply with the pleading requirements of Rule 8. He has failed to show cause why the undersigned should not recommend his Complaint be dismissed for failure to state a claim. Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[27]

### III. Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

### IV. Motion to Appoint Counsel

Next the Court turns to Plaintiff's Motion to Appoint Counsel. When a party is unable to afford legal counsel, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[28]

---

[27] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).
[28] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

However, there is no constitutional right to counsel in a civil action.[29] A court has broad discretion to evaluate the relevant factors when deciding whether to request an attorney represent an indigent party in a civil matter such as the one before the Court.[30] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[31] It is not enough "that having counsel appointed would have assisted in presenting his strongest possible case, [as] the same could be said in any case."[32]

The Tenth Circuit identified four factors for a court to consider when determining whether to appoint counsel in a civil case.[33] Those factors are: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel.[34] Additionally, the law requires a plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.[35]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his financial affidavit and the Court's order granting his motion to proceed *in forma pauperis.*[36]

---

[29] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[30] *Jackson*, 2014 WL 494789, at *1.
[31] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).
[32] *Id.* at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).
[33] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[34] *Id.* at 1420-21.
[35] *Id.*
[36] ECF No. 5.

Plaintiff has not searched for counsel. He has attempted to call Kansas Legal Services, who does not accept calls from the LSH institutional pay phone. And he alleges he is unable conduct research to allow him to identify potential counsel to contact due to Defendants' policies which do not allow residents of the SPTP program to have access to phone books and the residents no longer having access to an attorney directory previously provided via access to the Kansas Department of Corrections Lexis Nexus portal. Only in these very specific facts, does the Court find Plaintiff has satisfied this factor.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. As set forth above, the undersigned recommends dismissal of this action for failure to state a claim upon which relief may be granted. Plaintiff has not satisfied this factor.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel. Plaintiff's case is not unusually complex and there is no serious indication Plaintiff could adequately present the case on his own. Review of Plaintiff's Response to the Order to Show Cause would indicate he can adequately present the case on his own. His failure to date has been to follow the Court's direction and file an amended complaint by the two deadlines set.

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff.

**V.    Conclusion**

After careful review and being mindful Plaintiff proceeds pro se, the undersigned concludes the Complaint is insufficient. By failing to adequately plead, Plaintiffs failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Motions be **DENIED**, and this action be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**IT IS SO ORDERED.**

Dated June 14, 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge